**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**Case No. 5:21-cv-00037-TBR**

REECE MILBY                                                                                              PLAINTIFF

v.

TOYOTA MOTOR SALES, U.S.A., INC.,
TOYOTA MOTO ENGINEERING &
MANUFACTURING NORTH AMERICA, INC.,                                          DEFENDANTS
TOYOTA NORTH AMERICA, INC, and
TOYOTA MOTOR MANUFACTURING,
KENTUCKY, INC.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Plaintiff, Reese Milby's ("Milby") Motion to Remand. [DN 10]. Defendants Toyota Motor Sales, U.S.A., Inc. ("TMS") and Toyota Motor North America, Inc. ("TMNA") (collectively "Toyota") have responded. [DN 14]. Milby has replied. [DN 17]. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Milby's Motion to Remand [DN 10] is **GRANTED**.

**I. Background**

Milby initially filed this action in Lyon County Circuit Court on February 1, 2021. [DN 1 at 1]. According to the Complaint, Milby was the front seat passenger in a 2009 Toyota RAV4 on May 26, 2016. [DN 1-1 at PageID 17]. While driving on I-69, a vehicle hydroplaned, crossed the median, and collided with the RAV4. [*Id.* at PageID 18]. The "front seat seatbelt system (and the absence of other components of the occupant protection systems) failed to properly protect Reece Milby". [*Id.*] Milby brought a strict products liability, negligent design, and negligent failure to warn claim alleging "the Toyota Personal Safety System, was defective, including the front

passenger seat belt system, the lack of leg protecting (knee) air bags, and the absence of automatic braking." [*Id.*] Toyota removed the action on March 9, 2021 and Milby seeks remand.

## II. Discussion

The burden to establish federal subject matter jurisdiction lies with the party seeking removal. *Vill. Of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008) (citing *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996)). Generally, a defendant may remove a civil case to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. § 1441, 1446. Because Milby's complaint does not raise a federal question, the exclusive basis for federal subject matter jurisdiction is 28 U.S.C. § 1332, which requires the citizenship of each plaintiff to be diverse from the citizenship of each defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68, 117 S. Ct. 467, 136 L Ed. 2d 437 (1996) (explaining the principle of complete diversity). While Milby, a citizen of the Commonwealth of Kentucky, is diverse from TMNA and TMS, companies that are incorporated in California and maintain their principal place of business in Texas, he is not diverse from Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") and Toyota Motor Manufacturing, Kentucky, Inc. ("TMMK"). Therefore, complete diversity is lacking based on the face of Milby's complaint. However, Toyota insists that Milby fraudulently joined TEMA and TMMK in an effort to defeat diversity jurisdiction and confine the case to state court.

Toyota bears the burden of proving fraudulent joinder. "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564-65 (6th Cir. 2015) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). "If there is a colorable basis for predicting that a plaintiff may recover against non-

diverse defendants, [the district] Court must remand the action to state court." *Taco Bell Corp. v. Dairy Farmers of Am., Inc.*, 727 F. Supp. 2d 604, 607 (W.D. Ky. 2010) (citing *Coyne*, 183 F.3d at 493). In other words, if Plaintiff's claims have even "a 'glimmer of hope,' there is no fraudulent joinder." *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011) (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999)). This is a "heavy burden," *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999), as Toyota must demonstrate that there is no genuine basis upon which Milby may be able to recover against TEMA and TMMK. *Coyne*, 183 F.3d at 493.

The standard for a defendant to successfully show fraudulent joinder is even higher than the standard a defendant must meet to succeed on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Anderson v. Merck & Co. Inc.*, 417 F. Supp. 2d 842, 845 (E.D. Ky. 2006) (citing *Little v. Purdue Pharma, L.P.*, 227 F. Supp. 2d 838, 845-46 (S.D. Ohio 2002)). "[T]he benefit of the doubt given a plaintiff as part of the fraudulent joinder inquiry should be more deferential than even that given under Rule 12(b)(6) .... [A] decision overruling a motion for remand where the defendant is claiming fraudulent joinder connotes that a plaintiff's claim, as to the non-diverse defendant, has no basis in law or reason." *Little*, 227 F. Supp. 2d at 846-47; *See also Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012).

As is always the case in matters concerning comity and federalism, any ambiguity must be resolved against removal. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) (explaining that "the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction" and that ambiguities regarding the scope of removal "should be resolved in favor of remand to the state courts."). Furthermore, any ambiguities in the relevant state law must be resolved in the light most favorable

to the plaintiff. *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) (citing *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)); *See also Coyne*, 183 F.3d at 493 ("All doubts as to the propriety of removal are resolved in favor of remand.").

Here, Toyota provided an affidavit from Kevin Johnson, Senior Manager Manufacturing Financial Planning for TMNA and TMMK. In his affidavit, he stated TMMK did not assemble, design, manufacture, test, or market RAV4s. [DN 14-2 at PageID 89]. Assembly of RAV4s at TMMK did not begin until January 2020. [*Id.*] Milby has agreed to dismiss TMMK from this action once the present motion is ruled upon. Therefore, the Court will not consider the diversity of TMMK.

Milby has brought a strict products liability, negligent design, and negligent failure to warn claim against all defendants. [DN 1-1 at PageID 20-21]. KRS § 411.300 defines a product liability actions as:

> any action brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formulation, development of standards, preparation, processing, assembly, testing, listing, certifying, warning, instructing, marketing, advertising, packaging or labeling of any product.

Milby alleges he suffered personal injury due to the "manufacture, construction, design, formulation, development of standards, preparation, processing, assembly, testing, listing, certifying, warning, instructing and/or advertising of the [RAV4]". [*Id.* at PageID 19-20]. Toyota argues jurisdiction in this Court is appropriate because TEMA was not involved in the design, manufacture, or marketing of the RAV4. Toyota also argues TEMA did not perform testing of the components or vehicle systems and had no decision authority over the inclusion of knee airbags, pre-collision warning, or braking systems.

Kevin Johnson also stated "TEMA conducts engineering design, development, and testing for certain Toyota vehicles in North America." [DN 14-1 at PageID 86]. Johnson further stated "TEMA conducted some limited testing of the RAV4, but was not responsible for the design and development of the front passenger restraint system, including frontal airbags, seatbelts, and seat of the subject RAV4." [*Id.*]

The extent of the testing TEMA conducted on the RAV4 is not clear. Milby's Complaint alleges personal injury was caused by or resulted from, among other things, the testing of the vehicle. Toyota has admitted TEMA conducted some testing on RAV4s. Viewing that fact in favor of Milby, the Court cannot say Milby has no colorable cause of action against TEMA. TEMA's involvement level is a fact that would be developed through discovery. It would not be appropriate for this Court to find no colorable cause of action when it is not disputed TEMA was, to some degree, involved in the testing process of RAV4s. Toyota has not presented "sufficient evidence that [Milby] could not have established a cause of action against [TEMA] under state law." *Chambers,* 796 F.3d at 564-565. Therefore, the Court must **GRANT** Milby's Motion to Remand.

### III. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Milby's Motion to Remand [DN 10] is **GRANTED**. The matter is remanded to Lyon County Circuit Court.

**IT IS SO ORDERED**.

Thomas B. Russell, Senior Judge
United States District Court

May 18, 2021

cc: counsel